2021R00323/MPP/KC

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2021 SEP 16 PM 4: 16

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERCIA<br><br>v.<br><br>WARREN PAUL FOX,<br><br>Defendant. | Case No. RDB-21-367  TDC<br><br>(18 U.S.C. § 641 – Theft of Public Money;<br>18 U.S.C. § 2 – Aiding and Abetting;<br>18 U.S.C. § 981(a)(1)(C), 28 U.S.C.<br>§ 2461(c) – Forfeiture) |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

At all times material to this Indictment:

### The CARES Act Provider Relief Fund

1.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency assistance to the millions of Americans suffering due to the COVID-19 pandemic.

2.    The CARES Act appropriated moneys to help health care providers ("Providers") that were financially impacted by COVID-19, as well as to provide care to patients who were suffering from COVID-19 and compensate providers for the cost of that care (hereinafter, the "Provider Relief Fund"). The United States Department of Health and Human Services ("HHS"), through its agency, the Health Resources and Services Administration ("HRSA"), oversaw and administered the Provider Relief Fund.

3.    In order to rapidly provide funding to Providers during the pandemic, HRSA distributed payments under the CARES Act Provider Relief Fund ("Provider Relief Fund

1

2021R00323/MPP/KC

Payment" or "Payment") to Providers who (a) billed Medicare fee-for-service (Parts A or B) in Calendar Year 2019; (b) were not currently terminated from participation in Medicare or precluded from receiving payment through Medicare Advantage or Part D; (c) were not currently excluded from participation in Medicare, Medicaid, and other Federal health care programs; and (d) did not currently have Medicare billing privileges revoked. Providers meeting these criteria automatically received the Provider Relief Fund Payment and did not have to apply for the funding, but were required to comply with the terms and conditions of the Provider Relief Fund if they retained such funding.

## Terms and Conditions of Provider Relief Payment

4. Provider Relief Fund recipients attested to their compliance to the terms and conditions in two ways. First, Provider Relief Fund recipients were notified that they could submit an attestation through an online portal confirming receipt of the funds and agreeing to the terms and conditions of the payment ("Terms and Conditions"). Second, recipients were notified that if they kept the money for a period that exceeded 90 days from receipt that they were deemed to have accepted the Terms and Conditions of the Provider Relief Fund.

5. Providers who attested to the Terms and Conditions acknowledged that their commitment to full compliance with the terms and conditions was material to the HHS Secretary's decision to disburse Provider Relief Fund Payments to them. Providers further acknowledged that non-compliance with any Term or Condition could cause the HHS Secretary to recoup some or all of the Payment.

2021R00323/MPP/KC

6. Providers who attested to the Terms and Conditions certified that after January 31, 2020, they provided diagnoses, testing, or care for individuals with possible or actual cases of COVID-19.

7. Providers who attested to the Terms and Conditions also certified that the Payment would only be used to prevent, prepare for, and respond to coronavirus, and that the Payment would reimburse the recipient only for health care related expenses or lost revenues that were attributable to coronavirus.

8. Providers who attested to the Terms and Conditions also certified that all information provided relating to the Payment was true, accurate, and complete and that any deliberate omission, misrepresentation, or falsification of any information was punishable by, inter alia, criminal penalties, including but not limited to imprisonment.

9. Providers who attested to the Terms and Conditions also certified that they would maintain appropriate records and cost documentation to substantiate the reimbursement of costs under the disbursement.

### The Defendant and Relevant Entities

10. Capital Home Health Care Inc. ("CHHC") was a home health agency that previously operated in Loudoun County, Virginia in the Eastern District of Virginia.

11. Defendant **WARREN PAUL FOX**, a resident of Anne Arundel County, in the District of Maryland, was the owner and Chief Executive Officer of CHHC and the sole signatory on the bank account for CHHC ("CHHC Account") in which the Provider Relief Funds were deposited.

2021R00323/MPP/KC

## THE CHARGE
### Theft of Public Money, Property, or Records
### (18 U.S.C. § 641)

12. On or about May 12, 2020, in Anne Arundel County, in the District of Maryland, and elsewhere, **WARREN PAUL FOX** did knowingly and willfully embezzle, steal, purloin, and convert to his own use or the use of another money or a thing of value greater than $1,000 from the United States Department of Health and Human Services, a department of the United States – namely an approximately $81,564.85 payment from the Provider Relief Fund that **WARREN PAUL FOX** caused to be deposited into the CHHC Account on or about May 12, 2020 – to which he knew he was not entitled and with the intent to deprive HHS of the use or benefit of that money, in violation of Title 18, United States Code, Sections 641 and 2.

2021R00323/MPP/KC

## FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c))

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on the offense charged in Count One of this Indictment.

2. Upon conviction of the offense set forth in Count One of this Indictment, the defendant, **WARREN PAUL FOX**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, a money judgment in the amount of $81,564.85.

### Substitute Assets

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. §

2021R00323/MPP/KC

853(p), as incorporated by 28 U.S.C. § 2461(c).

*Jonathan F. Lenzner/MPP*
JONATHAN F. LENZNER
Acting United States Attorney
36 South Charles St.
Baltimore, MD 21201
(410) 209-4800

JOSEPH S. BEEMSTERBOER
Acting Chief
Criminal Division, Fraud Section
United States Department of Justice

D. KEITH CLOUSER
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W., Eighth Floor
Washington, D.C. 20005
(202) 256-0867

A TRUE BILL:

9/14/2021
Date

**SIGNATURE REDACTED**

Grand Jury Foreperson

6